MORGAN v. WALKER

1. Appeal and Error—Expert Witness—Failure to Object.
   Failure to object to allowing a psychologist to testify as an expert witness, after the matter of the witness's qualifications had been examined, constituted waiver of defendant's right to raise the issue on appeal.

2. Assault and Battery—Citizen's Arrest.
   An unlawful citizen's arrest constitutes an assault and battery.

Appeal from Common Pleas Court of Detroit, Joseph J. Pernick, J. Submitted Division 1 February 5, 1969, at Detroit. (Docket No. 4,649.) Decided February 28, 1969.

Declaration by Robert J. Morgan against Curtis L. Walker for damages resulting from an assault and battery. Judgment for plaintiff. Defendant appeals. Affirmed.

*Bashara & Bashara,* for plaintiff.

*Prosser, Cowell, Renner & Molineaux,* for defendant.

BEFORE: Lesinski, C. J., and T. M. Burns and Kelley,* JJ.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

References for Points in Headnote
[1] 5 Am Jur 2d, Appeal and Error §§ 562–564, 611.
[2] 6 Am Jur 2d, Assault and Battery §§ 109–111, 125.

PER CURIAM. Defendant appeals from a judgment entered against him in a civil action for assault and battery tried without jury.

On appeal defendant asserts that the trial court erred in allowing a psychologist to testify as an expert witness for plaintiff. Examination of the record reveals that this issue was not properly preserved for appeal. Defendant's attorney raised objection to proceeding with this witness's testimony without laying proper foundation. Trial court, on this objection, proceeded to take evidence concerning the proposed expert witness's qualifications. No objection to allowing this witness to testify was made after the matter of the witness's qualifications had been examined. Failure to object at this juncture constitutes waiver of appellant's right to raise this issue on appeal.

Secondly, the defendant alleges there is no evidence which would establish an intent on the part of the defendant to injure the plaintiff, consequently precluding a proper finding that an assault and battery had been committed. The record reveals and counsel for the defendant, on oral argument, indicates to the Court that the touching of the plaintiff was the result of an attempted citizen's arrest following what appeared to be the commission of a misdemeanor.

The matter of the alleged misdemeanor was tried before another court and the plaintiff was acquitted in that cause.

On oral argument it was admitted by the attorney for the defendant that the attempted citizen's arrest was not a valid arrest. The right to stop and restrain or attempt to restrain the plaintiff stems from the right of the defendant to make an arrest. In view of the fact that the arrest was unlawful or

improper, the defendant was without authority to stop or restrain the plaintiff; and, consequently, the actions of the defendant constituted an assault and battery.

Affirmed. Costs to appellee.